O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL GAWRYS, | ) | Case No. EDCV 11-0634-DTB |
| Plaintiff, | ) | |
| vs. | ) | ORDER AFFIRMING DECISION OF COMMISSIONER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff filed a Complaint on April 25, 2011, seeking review of the Commissioner's denial of his application for Supplemental Security Income under Title XVI of the Social Security Act. In accordance with the Magistrate Judge's Case Management Order, the parties filed a Joint Stipulation ("Jt. Stip.") on January 25, 2012. Thus, this matter now is ready for decision.[1]

///

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

## DISPUTED ISSUE

The sole disputed issue is whether the ALJ's failure to discuss the lay witness testimony of plaintiff's neighbor, Susan Mills, was harmless error. (Jt. Stip. 3-5.)

## DISCUSSION

**I.  Reversal is not warranted based on the ALJ's failure to properly consider the lay-witness evidence.**

In May 2007, Ms. Mills completed a written questionnaire about plaintiff entitled "Function Report - Adult - Third Party." (AR 147- 54.) Ms. Mills wrote that she had known plaintiff for six years and spent approximately 60 hours per month with him. (AR 147.) Describing plaintiff's abilities, Ms. Mills wrote in pertinent part that plaintiff could walk for 300 yards before he needed to rest for 20 minutes. (AR 152.) However, when asked to check-mark the areas of functioning affected by plaintiff's illnesses, Ms. Mills left blank the fields for "Walking," "Standing," "Squatting, Bending," and "Kneeling." (AR 152.) Instead, Ms. Mills marked fields that were unrelated to walking but indicated limitations in mental functioning, such as "Memory," "Completing Tasks," "Concentration," "Understanding," "Following Instructions," and "Getting Along with Others." (AR 152.) The bulk of Ms. Mills's report detailed plaintiff's limitations in mental functioning. (AR 147-54.)

In the administrative decision, the ALJ did not mention Ms. Mills's statement nor consider any claim that plaintiff had a limitation in walking or any other physical limitation. (AR 8-15.) Plaintiff did not allege a physical impairment, and there was no medical evidence in the record relating to a limitation in walking or any other physical limitation. Instead, the focus of the ALJ's decision was plaintiff's claim that he was disabled because of a mental impairment. (AR 10.)

Plaintiff contends that the ALJ prejudicially erred in disregarding Ms. Mills's statement because her observation that he could walk no more than 300 yards before needing a 20-minute rest called into question the ALJ's residual functional capacity

("RFC") determination that plaintiff could perform work at a medium exertional level.[2] (Jt. Stip. 4.) The Court disagrees.

Testimony from someone in a position to observe a claimant's symptoms and daily activities is "competent evidence." Smith v. Bowen, 849 F.2d 1222, 1226 (9th Cir. 1988) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)); see also Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.") (citations omitted). An ALJ must consider this testimony in determining whether a claimant can work. Stout v. Comm'r of Soc. Sec. Admin., 454 F.3d 1050, 1053 (9th Cir. 2006); see also 20 C.F.R. § 416.913 (d)(4); Smolen v. Chater, 80 F.3d 1273,1288 (9th Cir. 1996). In order to discount the testimony of a lay witness, the ALJ must "give reasons that are germane to each witness." Stout, 454 F.3d at 1053; see also Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009). An ALJ's error in failing to consider lay witness testimony is subject to a harmless-error analysis. Robbins v. Social Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006); Stout, 454 F.3d at 1056. "[W]here the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout, 454 F.3d at 1056.

---

[2] A person's RFC is the most he can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 416.945(a)(1); Frost v. Barnhart, 314 F.3d 359, 366 (9th Cir. 2002). An RFC for medium work requires lifting up to 50 pounds, with frequent lifting or carrying of objects weighing up to 25 pounds, and an ability to stand and/or walk for virtually the entire day. See 20 C.F.R. § 416.967(c); see also Social Security Ruling ("SSR") 83-14, 1983 WL 31254, at *5 ("Most medium jobs, like most light jobs, require the worker to stand or walk most of the time.").

///

Here, the ALJ's failure to discuss Ms. Mills's function report was harmless error. As an initial matter, Ms. Mills's report was internally inconsistent because her specific statement that plaintiff could not walk more than 300 yards without a 20-minute rest was inconsistent with her failure to mark any related areas of affected functioning, such as "Walking," "Standing," "Squatting, "Bending," and "Kneeling." (AR 152.) Accordingly, the ALJ would not necessarily have changed his RFC determination based on her statement. See Lockwood v. Comm'r Social Sec. Admin., 397 Fed. Appx. 288, 291 (9th Cir. 2010) (finding harmless ALJ's failure to consider lay witness statement that, even if fully credited, "was internally inconsistent" and would not have altered RFC determination).

Moreover, even if Ms. Mill's statement was fully credited, no reasonable ALJ could have reached a different disability determination because there was still substantial evidence of nondisability. See Graham v. Comm'r of Social Sec., 441 Fed. Appx. 487, 489 (9th Cir. 2011) (finding harmless ALJ's failure to comment upon lay witness testimony because even if it were fully credited, "there was other significant evidence that supported the ALJ's nondisability determination"); Hart v. Astrue, 349 Fed. Appx. 175, 177 (9th Cir. 2009) ("Even if the court were to fully credit the testimony of [plaintiff]'s husband and sister, the ALJ still had substantial evidence to support his finding that [plaintiff]'s impairments were not severe."). The ALJ thoroughly evaluated plaintiff's claim that he suffered from a mental impairment and determined that plaintiff was not disabled for several reasons that were supported by substantial evidence in the record: (1) Plaintiff was not a fully credible witness because he testified that he could function with his medications and because he made inconsistent statements about his alcohol use (AR 12, 34, 35-36, 233, 236); (2) a medical expert testified that a diagnosis of schizoaffective disorder provided by plaintiff's treating physician was not supported by the record (AR 12, 20-21); (3) the medical expert also testified that an examining psychologist found that plaintiff's

profile on a psychological test was invalid because it reflected "an attempt to appear more disturbed than he is in reality" (AR 13, 20, 249); and (4) the examining psychologist concluded that plaintiff had only mild to moderate limitations in various areas of mental functioning because of depression (AR 13, 250). Plaintiff does not challenge any of these findings nor dispute that the ALJ's ultimate nondisability determination is supported by substantial evidence.

In comparison, Ms. Mills's statement about plaintiff's limitation in walking was cursory and mentioned only once in her report, which focuses instead on mental limitations that the ALJ did fully consider. See Jourdan v. Comm'r of Social Sec. Admin., 426 Fed. Appx. 499, 500 (9th Cir. 2011) (finding that unexplained rejection of two lay witness statements was harmless where ALJ properly considered all evidence of plaintiff's limitations, including limitations described in lay witness statements). Moreover, plaintiff never alleged a limitation in walking as part of his disability claim, no other witness observed plaintiff having problems with walking, and there is no medical evidence of such problems, which are all indications that Ms. Mills's isolated statement on that issue did not add substantially to plaintiff's claim. Cf. Robbins, 466 F.3d at 885 (holding that ALJ's failure to account for testimony of plaintiff's son was not harmless because when fully credited, the testimony "add[ed] substantial weight not only to [plaintiff]'s claim, but also to the testimony of [plaintiff]'s wife and daughter, which support [plaintiff]'s claim").

Accordingly, the Court can confidently conclude that no reasonable ALJ, when fully crediting Ms. Mills's testimony, could have reached a different disability determination. See Stout, 454 F.3d at 1056.

/ / /
/ / /
/ / /
/ / /
/ / /

1  ///
2  **ORDER**
3      IT IS THEREFORE ORDERED that Judgment be entered affirming the
4  decision of the Commissioner and dismissing this action with prejudice.

6  DATED: April 6, 2012

*/s/ David T. Bristow*

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE